IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BLACKSHIRE,

    Plaintiff,                    No. 2:12-cv-2136 KJN P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

    Defendant.                <u>ORDER</u>

                              /

        Plaintiff is a former state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such relief.
2  28 U.S.C. § 1915A(b)(1),(2).
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
7  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
10 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
11 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
12 1227.
13       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
14 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
15 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
16 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
17 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more
18 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
19 allegations sufficient "to raise a right to relief above the speculative level." Id. However,
20 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
21 notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551
22 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
23 quotations marks omitted). In reviewing a complaint under this standard, the court must accept
24 as true the allegations of the complaint in question, id., and construe the pleading in the light
25 most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
26 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

1    In his complaint, plaintiff names the California Department of Corrections ("CDC") as the sole defendant, and alleges that during his incarceration, he suffered problems including "officers injuring [his] arm," "forced medication without Kehia order," "cells without proper provisions," "missed meals," and "much more [he] will bring up in court." (Dkt. No. 1 at 2.)

In his complaint plaintiff names only the CDCR as a defendant. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's complaint against the CDCR is frivolous and must be dismissed. However, the complaint is dismissed with leave to amend should plaintiff be able to name proper defendants and raise allegations that meet the following standards.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).[1]

---

[1] In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the

3

Plaintiff failed to include specific facts to enable the court to determine whether he can allege sufficient facts to state a cognizable civil rights claim. However, plaintiff may be able to state a cognizable claim concerning forced medication, if he can name the proper defendant and allege facts demonstrating a violation of his due process rights.

The Supreme Court has recognized that an individual has a significant constitutionally protected liberty interest in "avoiding the unwanted administration of antipsychotic drugs." Washington v. Harper, 494 U.S. 210, 221 (1990); Simon v. Montgomery, 2008 WL 2551297, at *8 (C.D. Cal. Jun.25, 2008) ("The involuntary medication of inmates with antipsychotic drugs implicates their substantive and procedural due process rights under the Fourteenth Amendment."). Because the involuntary administration of an antipsychotic medication implicates a liberty interest, "procedural protections are necessary to ensure that the decision to medicate an inmate against his will is neither arbitrary nor erroneous." Harper, 494 U.S. at 228. The Supreme Court has not specified what minimum procedural safeguards are required in every situation, but the Court has provided some guidance. Simon, 2008 WL 2551297, at *8. For instance, due process is satisfied when the decision to medicate an inmate against his will is facilitated by an administrative review by medical personnel not directly involved in the inmate's instant treatment. Harper, 494 U.S. at 233. Due process also is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to cross-examine witnesses. Id. at 235. To force antipsychotic drugs on a prisoner there must be a finding of overriding justification and a determination of medical appropriateness. Harper, 494 U.S. at 227 ("[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest.").

---

involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

1    Plaintiff is granted leave to amend in the event he is able to name the proper
2 defendants, and allege facts raising cognizable civil rights claims, as set forth above.
3    Plaintiff's complaint also includes a laundry list of allegations against entities
4 other than the CDCR, and unrelated to his conditions of confinement in the CDCR.
5    Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
6 R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
7 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).
8 Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The
9 controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, []
10 as independent or as alternate claims, as many claims . . . as the party has against an opposing
11 party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1
12 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against
13 different defendants belong in different suits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir.
14 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both
15 commonality and same transaction requirements are satisfied).
16    For example, if plaintiff can allege facts alleging civil rights violations during his
17 incarceration at the Sacramento County Jail, plaintiff must bring those claims in a separate action
18 inasmuch as they are unrelated to his conditions of confinement claims concerning his
19 confinement by the CDCR.[2]
20    Plaintiff also alleges he was slandered.  Slander is not cognizable under 42 U.S.C.
21 § 1983.  Hollister v. Tuttle, 210 F.3d 1033, 1036 (9th Cir. 2000) ("There is no civil rights action
22 for slander," citing Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986)).
23 ////
24 ////

---

26    [2] In the complaint, plaintiff stated he attached documents related to his Sacramento county claim. (Dkt. No. 1 at 2.)  However, no documents were appended to the complaint.

5

Finally, plaintiff includes allegations concerning the probate of his grandfather's estate. Plaintiff is advised that this court has no jurisdiction over probate actions; plaintiff must bring such allegations in state court.

Therefore, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

DATED: September 21, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

blac2136.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BLACKSHIRE,

      Plaintiff,                No. 2:12-cv-2136 KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS,

      Defendant.              <u>NOTICE OF AMENDMENT</u>
_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

DATED:

                                  _____
                                  Plaintiff