1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    PATRICK BLACKSHIRE,

11              Plaintiff,                    No. 2:12-cv-2136 KJN P

12         vs.

13    CALIFORNIA DEPARTMENT OF
      CORRECTIONS,
14
                 Defendant.              ORDER
15    _____/

16         Plaintiff is a former state prisoner proceeding without counsel.  Plaintiff seeks

17    relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

19    Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C.

20    § 636(c).  Plaintiff's amended complaint is now before the court.

21         Plaintiff was previously informed as to the court's obligation to screen complaints

22    brought by prisoners seeking relief against a governmental entity or officer or employee of a

23    governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

24    thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

25    a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

26    immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

                                            1

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

8    2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

10   1227.

11     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

12   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

15   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

16   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

17   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

18   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

19   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

20   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

22   as true the allegations of the complaint in question,  id., and construe the pleading in the light

23   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

24   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   ////

26   /

Here, although plaintiff omitted some of the claims previously dismissed, his amended complaint remains too vague to state a cognizable civil rights claim.  Plaintiff again names only the California Department of Corrections ("CDCR") as the sole defendant, which is improper under the Eleventh Amendment, as set forth more fully in the September 24, 2012 order.  (Dkt. No. 4 at 3.)

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).[1]  Plaintiff must name as defendants the individuals responsible for the alleged constitutional violation.

Plaintiff generally discusses issues concerning his conditions of confinement, deprivation of various privileges while housed in the psychiatric facility at Corcoran State Prison, and being forcibly medicated, and various allegations concerning parole.  However, none of plaintiff's allegations rise to the level of a civil rights violation except, perhaps, his claim that he was forcibly medicated for an "unfounded" reason.  As plaintiff was previously informed, plaintiff may be able to state a cognizable claim concerning forced medication, if he can name

---

[1]  In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

1   the proper defendant and allege facts demonstrating a violation of his due process rights.  If

2   plaintiff does not know the name of the responsible individual, he must sufficiently identify the

3   individual (perhaps by job title, date of the incident, location where the forced medication took

4   place), that the name of the individual could be found through discovery.

5          The Supreme Court has recognized that an individual has a significant

6   constitutionally protected liberty interest in "avoiding the unwanted administration of

7   antipsychotic drugs."  Washington v. Harper, 494 U.S. 210, 221 (1990); Simon v. Montgomery,

8   2008 WL 2551297, at *8 (C.D. Cal. Jun.25, 2008) ("The involuntary medication of inmates with

9   antipsychotic drugs implicates their substantive and procedural due process rights under the

10  Fourteenth Amendment.").  Because the involuntary administration of an antipsychotic

11  medication implicates a liberty interest, "procedural protections are necessary to ensure that the

12  decision to medicate an inmate against his will is neither arbitrary nor erroneous."  Harper, 494

13  U.S. at 228.  The Supreme Court has not specified what minimum procedural safeguards are

14  required in every situation, but the Court has provided some guidance.  Simon, 2008 WL

15  2551297, at *8.  For instance, due process is satisfied when the decision to medicate an inmate

16  against his will is facilitated by an administrative review by medical personnel not directly

17  involved in the inmate's instant treatment.  Harper, 494 U.S. at 233.  Due process also is satisfied

18  if the inmate is provided with notice, the right to be present at an adversarial hearing, and the

19  right to cross-examine witnesses.  Id. at 235.  To force antipsychotic drugs on a prisoner there

20  must be a finding of overriding justification and a determination of medical appropriateness.

21  Harper, 494 U.S. at 227 ("[T]he Due Process Clause permits the State to treat a prison inmate

22  who has a serious mental illness with antipsychotic drugs against his will, if the inmate is

23  dangerous to himself or others and the treatment is in the inmate's medical interest.").

24         Therefore, the court finds the allegations in plaintiff's amended complaint so

25  vague and conclusory that it is unable to determine whether the current action is frivolous or fails

26  to state a claim for relief.  The court has determined that the amended complaint does not contain

a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which individuals engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

Plaintiff is granted leave to file a second amended complaint in the event he is able to name the proper defendant, or sufficiently identify responsible individuals as defendants, and allege facts demonstrating he was forcibly medicated in violation of his constitutional rights. In any second amended complaint, plaintiff must clearly identify where he was housed at the time he was forcibly medicated, and provide dates and other factual information supporting his claim that the forced medication violated plaintiff's constitutional rights.

Plaintiff's remaining claims do not constitute civil rights violations, as more fully discussed in the September 24, 2012 order, and plaintiff's remaining claims are dismissed without leave to amend.  Plaintiff shall not name the CDCR as a defendant in any second amended complaint.  (Dkt. No. 4 at 3.)

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3   complaint be complete in itself without reference to any prior pleading.  This requirement exists

4   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7   original complaint, each claim and the involvement of each defendant must be sufficiently

8   alleged.

9         In accordance with the above, IT IS HEREBY ORDERED that:

10         1.  Plaintiff's amended complaint is dismissed.

11         2.  Within thirty days from the date of this order, plaintiff shall complete the

12   attached Notice of Amendment and submit the following documents to the court:

13             a.  The completed Notice of Amendment; and

14             b.  An original and one copy of the Second Amended Complaint.

15   Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights

16   Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended

17   complaint must also bear the docket number assigned to this case and must be labeled "Second

18   Amended Complaint."  Plaintiff is required to use the court's form in filing his second amended

19   complaint, and may only include his claim regarding forced medication.

20   Failure to file a second amended complaint in accordance with this order will result in the

21   dismissal of this action.

22         3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil

23   rights complaint.

24   DATED:  April 15, 2013

25   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

26   /blac2136.14b

1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK BLACKSHIRE,

11              Plaintiff,                    No. 2:12-cv-2136 KJN P

12        vs.

13
     CALIFORNIA DEPARTMENT OF
14   CORRECTIONS,

15              Defendant.                    NOTICE OF AMENDMENT
     _____/

16
                   Plaintiff hereby submits the following document in compliance with the court's
17
     order filed _____:
18
                   _____        Second Amended Complaint (limited to the issue
19
                                       of forced medication)
20   DATED:

21

22                                     _____
23                                     Plaintiff

24

25

26