IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BLACKSHIRE,

        Plaintiff,                             No. 2:12-cv-2136 KJN P

     vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

        Defendant.                          ORDER

_____/

        Plaintiff is a former state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Plaintiff's amended complaint is now before the court.

        Plaintiff was previously informed as to the court's obligation to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

/

Here, although plaintiff omitted some of the claims previously dismissed, his amended complaint remains too vague to state a cognizable civil rights claim. Plaintiff again names only the California Department of Corrections ("CDCR") as the sole defendant, which is improper under the Eleventh Amendment, as set forth more fully in the September 24, 2012 order. (Dkt. No. 4 at 3.)

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).[1] Plaintiff must name as defendants the individuals responsible for the alleged constitutional violation.

Plaintiff generally discusses issues concerning his conditions of confinement, deprivation of various privileges while housed in the psychiatric facility at Corcoran State Prison, and being forcibly medicated, and various allegations concerning parole. However, none of plaintiff's allegations rise to the level of a civil rights violation except, perhaps, his claim that he was forcibly medicated for an "unfounded" reason. As plaintiff was previously informed, plaintiff may be able to state a cognizable claim concerning forced medication, if he can name

---

[1] In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

3

the proper defendant and allege facts demonstrating a violation of his due process rights.  If plaintiff does not know the name of the responsible individual, he must sufficiently identify the individual (perhaps by job title, date of the incident, location where the forced medication took place), that the name of the individual could be found through discovery.

The Supreme Court has recognized that an individual has a significant constitutionally protected liberty interest in "avoiding the unwanted administration of antipsychotic drugs."  Washington v. Harper, 494 U.S. 210, 221 (1990); Simon v. Montgomery, 2008 WL 2551297, at *8 (C.D. Cal. Jun.25, 2008) ("The involuntary medication of inmates with antipsychotic drugs implicates their substantive and procedural due process rights under the Fourteenth Amendment.").  Because the involuntary administration of an antipsychotic medication implicates a liberty interest, "procedural protections are necessary to ensure that the decision to medicate an inmate against his will is neither arbitrary nor erroneous."  Harper, 494 U.S. at 228.  The Supreme Court has not specified what minimum procedural safeguards are required in every situation, but the Court has provided some guidance.  Simon, 2008 WL 2551297, at *8.  For instance, due process is satisfied when the decision to medicate an inmate against his will is facilitated by an administrative review by medical personnel not directly involved in the inmate's instant treatment.  Harper, 494 U.S. at 233.  Due process also is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to cross-examine witnesses.  Id. at 235.  To force antipsychotic drugs on a prisoner there must be a finding of overriding justification and a determination of medical appropriateness.  Harper, 494 U.S. at 227 ("[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest.").

Therefore, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the amended complaint does not contain

a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which individuals engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

Plaintiff is granted leave to file a second amended complaint in the event he is able to name the proper defendant, or sufficiently identify responsible individuals as defendants, and allege facts demonstrating he was forcibly medicated in violation of his constitutional rights. In any second amended complaint, plaintiff must clearly identify where he was housed at the time he was forcibly medicated, and provide dates and other factual information supporting his claim that the forced medication violated plaintiff's constitutional rights.

Plaintiff's remaining claims do not constitute civil rights violations, as more fully discussed in the September 24, 2012 order, and plaintiff's remaining claims are dismissed without leave to amend.  Plaintiff shall not name the CDCR as a defendant in any second amended complaint.  (Dkt. No. 4 at 3.)

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Plaintiff is required to use the court's form in filing his second amended complaint, and may only include his claim regarding forced medication.  Failure to file a second amended complaint in accordance with this order will result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

DATED:  April 15, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/blac2136.14b

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BLACKSHIRE,

     Plaintiff,                  No. 2:12-cv-2136 KJN P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

     Defendant.              NOTICE OF AMENDMENT
_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____     Second Amended Complaint (limited to the issue of forced medication)

DATED:

                                        _____
                                        Plaintiff