UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | No.  2:12-cv-2136 KJN P<br><br><br>ORDER |

Plaintiff is a former jail inmate. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On July 29, 2013, plaintiff's case was dismissed based on plaintiff's failure to file a timely amended complaint, and judgment was entered. (ECF No. 12, 13.)

On May 26, 2015, plaintiff filed a request to reopen this case. Plaintiff claims that he was incarcerated since June 20, 2013, so was unable to file any of the necessary paperwork. (ECF No.14.)

The undersigned construes plaintiff's motion as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1

     (1) mistake, inadvertence, surprise, or excusable neglect;

     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

     (4) the judgment is void;

     (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

     (6) any other reason that justifies relief.

However, plaintiff's motion is untimely because it was filed almost two years after entry of judgment. Rule 60(c)(1) requires that motions under Rule 60(b) must be made within a reasonable time, and for reasons under Rule 60(b)(1), (2) and (3), such motion must be filed no more than a year after the entry of the judgment. Liberally construed, plaintiff's motion is made under Rule 60(b)(1), and thus, was required to be filed on or before July 29, 2014. Plaintiff's motion was filed May 26, 2015, almost 22 months after entry of judgment. Plaintiff's motion is denied as untimely. Fed. R. Civ. P. 60(c)(1).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to reopen (ECF No. 14), construed as a motion for relief from judgment, is denied.

Dated: June 16, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/blac2136.60b